IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRUEBLUE, INC., | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 3:18-cv-0192-M |
| JARED DERUBY, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Rule 12(b)(6) Partial Motion to Dismiss for Failure to State a Claim. (ECF No. 6). For the reasons stated below, the Motion is **DENIED.**

**I. Factual and Procedural Background**

From approximately December 31, 2008 to March 9, 2017, Defendant was employed by CLP Resources Inc., a wholly owned subsidiary of Plaintiff. (Compl. ¶¶ 5-6, ECF No. 1). Plaintiff alleges that while employed by CLP, Defendant began working for True Talent, a competing corporation which Defendant has an ownership stake. (*Id.* ¶¶ 13-14). Plaintiff also alleges that Defendant misappropriated trade secrets, made use of company resources in support of a competing corporation, solicited at least one existing CLP customer on behalf of a competing corporation, induced a CLP Branch Manager to violate his non-compete to work on behalf of a competing corporation, and took confidential information. (*Id.* ¶¶ 15-37).

On January 25, 2018, Plaintiff filed this action for breach of contract, breach of fiduciary duty, tortious interference with prospective relations, and violation of the Texas Uniform Trades Secrets Act ("TUTSA"). (ECF No. 1). On February 26, 2018, Defendant filed a Partial Motion to Dismiss claiming that Plaintiff's breach of fiduciary duty claim is preempted by the TUTSA. (ECF No. 6).

1

## II. Legal Standard

### a. Rule 12(b)(6)

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570. The court must accept all of the plaintiff's factual allegations as true, but it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Id.* at 555. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the pleader is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678.

## III. Analysis

The Texas Uniform Trade Secrets Act generally "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." TEX. CIV. PRAC. & REM. CODE ANN. § 134A.007(a). Courts interpreting the nearly identical provision of the Uniform Trade Secrets Act have uniformly held that a claim is not preempted if the plaintiff is able to show the claim is based on facts unrelated to the misappropriation of the trade secret. *See*, e.g., *Coulter Corp. v. Leinert*, 869 F. Supp. 732 (E.D. Mo. 1994); *Smithfield Ham and Prods. Co., Inc. v. Portion Pac, Inc.*, 905 F. Supp. 346, 348 (E.D. Va. 1995); *Micro Display Sys., Inc. v. Axtel, Inc.*, 699 F. Supp. 202, 205 (D. Minn. 1988). As stated in *Smithfield*, "[t]he plain language of the preemption provision indicates that the law was intended to prevent inconsistent theories of relief for the same underlying harm by eliminating alternative theories of

common law recovery which are premised on the misappropriation of a trade secret." 905 F. Supp. at 348.

Plaintiff's breach of fiduciary duty claim depends in part on Defendant's alleged misappropriation of trade secrets. However, there are sufficient facts to support a breach of fiduciary duty claim on other grounds. Under Texas law, an employee may prepare to go into competition with his employer before resigning without breaching fiduciary duty, but may not act for the employee's future interest at the expense of the employer by a course of conduct designed to hurt the employer. *Johnson v. Brewer & Pritchard*, P.C, 73 S.W.3d 193, 199 (Tex. 2002). Plaintiff here alleges that Defendant worked on behalf of a competitor while still employed by Plaintiff, made use of company resources, and solicited Plaintiff's customers and staff, all at the expense of his employer. (*Id.* ¶¶ 15-37); s*ee also 360 Mortg. Grp., LLC v. Homebridge Fin. Servs., Inc.*, 2016 WL 900577, at *7 (W.D. Tex. Mar. 2, 2016) (holding that although the breach of fiduciary duty claim relied in part on the misappropriation of a trade secret, the facts surrounding plaintiff's dual employment were sufficient to withstand a TUTSA preemption claim). Contrary to Defendant's argument, this case is unlike *Embarcadero Techs., Inc. v. Redgate Software, Inc.*, 2018 WL 315753, at *5 (W.D. Tex. Jan. 5, 2018), and *Super Starr Int'l, LLC v. Fresh Tex. Produce, LLC*, 531 S.W.3d 829, 843 (Tex. App.—Corpus Christi 2017, no pet. h.), in which the breach of fiduciary duty claims were premised only on the misappropriation of a trade secret.

Therefore, the TUTSA does not preempt Plaintiff's breach of fiduciary duty claim regarding Defendant's dual employment.

## IV. Conclusion

For the reasons stated above, Plaintiff has pleaded a sufficient factual matter to state a claim for breach of fiduciary duty. Therefore, Defendant's Rule 12(b)(6) Partial Motion to

Dismiss is **DENIED**, except to the extent the breach of fiduciary duty claim is based on the misappropriation of a trade secret.

**SO ORDERED.**

April 13, 2018.

_____
BARBARA M. G. LYNN
CHIEF JUDGE